The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties of their representatives; or amend the Opinion and Award.
The stipulations of the parties contained in the Pre-Trial Agreement, along with Stipulated Exhibits 1 and 2, are incorporated into the record.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant.
3. Defendant is self-insured, with Key Risk Management Corporation as its servicing agent.
4. Plaintiff is a 32 year old female born on 2 October 1963. Plaintiff was employed with the defendant-employer as a bus driver.
5. On 13 June 1994, plaintiff had completed her assigned route and had exited her bus at a terminal located in downtown Winston-Salem. As plaintiff stepped off of the curb and onto the crosswalk, she noticed a bus driven by Levonzy James rolling towards her. She told Mr. James to watch where he was going, and he responded for her to get out of the way.
6. Plaintiff contends that the front right corner of the bus Mr. James was driving hit her on her left shoulder, causing her pain and injury.
7. At the hearing, the plaintiff produced a purported eyewitness to testify in her behalf, Clarence Harrington. He testified that he was standing approximately thirty feet across the street from the bus driven by Mr. James and, with cars driving down the street in between, saw the bus "bump" into plaintiff.
8. The defendant, by subpoena, presented the testimony of Tameka Brown, a college student, who was a pedestrian at time of the incident. Ms. Brown, a disinterested witness, testified that she had a clear view of plaintiff and the bus driven by Mr. James. Ms. Brown testified that the bus did not hit plaintiff and that plaintiff did not appear to be injured or otherwise act in a manner consistent with being hurt.
9. The undersigned finds the testimony of Ms. Brown credible and factual and gives greater weight to her testimony than to that of the other witnesses. Due to plaintiff's demeanor, the testimony of other credible witnesses, and the totality of the evidence, the undersigned is unable to accept her testimony relating to the incident as factual. Likewise, the testimony of Mr. Harrington is not accepted as factual with regard to the alleged injury due to his demeanor, to facts that indicate that he had an obstructed view of the right front of the bus, where the incident was alleged to have occurred, and also due to the testimony of other credible witnesses and the totality of the evidence.
10. Therefore, the undersigned finds that the bus did not hit plaintiff and that she did not sustain and injury by accident arising out of an in the course of her employment on 13 June 1994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant. N.C.G.S.97-2 (6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2 (6).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and is hereby, DENIED.
2. Each side shall bear its own costs.
 S/ _____________ JOHN A. HEDRICK DEPUTY COMMISSIONER
CONCURRING:
S/ _____________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________ THERESA STEPHENSON DEPUTY COMMISSIONER
JAH:fdm